IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00143-MSK-BNB

ANIMAL CARE SYSTEMS, INC.,

      Plaintiff,

v.

HYDROPAC/LAB PRODUCTS, INC.,

      Defendant.

Civil Action No. 1:13-cv-00415-MSK-BNB

HYDROPAC/LAB PRODUCTS, INC.,

      Plaintiff,

v.

ANIMAL CARE SYSTEMS, INC.,

      Defendant.

---

**[PROPOSED] STIPULATED PROTECTIVE ORDER GOVERNING THE
PRODUCTION AND EXCHANGE OF INFORMATION, DOCUMENTS, AND THINGS**

---

      WHEREAS pretrial discovery in this action will necessarily involve the disclosure of trade secrets or confidential information, research, development, product or commercial or  business information by the undersigned parties and by other non-parties from whom discovery may be sought; and

      WHEREAS the undersigned parties wish to establish rules and procedures governing the treatment of such information, and accordingly have conferred in good faith with respect to the terms of this Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c);

IT IS HEREBY ~~STIPULATED AND AGREED BY AND AMONG THE UNDERSIGNED PARTIES AND~~ ORDERED THAT:

This Stipulated Protective Order and any amendments or modifications hereto shall govern any document, information, or other thing furnished by any party to any other party, including any non-parties who receive a subpoena in connection with this action or who otherwise respond to discovery requests made in this action.  Unless ~~the parties agree in writing or as~~ ordered by the Court, all proceedings involving or relating to protected information shall be subject to the provisions of this Stipulated Protective Order as follows:

1.   **"Confidential" Information**

A party or a third party ("party") may designate as "Confidential" those materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, that are not publicly available and that the designating party in good faith believes contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests, (b) not generally known, and (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the designating party would require such third parties to maintain the information in confidence.

2.      **"Outside Attorneys' Eyes Only" Information**

A party may designate as "Outside Attorneys' Eyes Only" only such Confidential materials, documents, or information as contain (a) highly sensitive information relating to research for or production of products, including internal product specifications, (b) highly sensitive business or research information, (c) highly sensitive financial information or marketing plans and forecasts, customer lists, pricing data, cost or profit data, customer orders, or customer quotations, (d) pending or abandoned patent, trademark and copyright applications, foreign or domestic, unless published or otherwise publicly available, or (e) such other documents, information, or materials that relate to proprietary information that the producing party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the producing party.

3.      **Effect of Designation**

The designation of information as Confidential or Outside Attorneys' Eyes Only shall constitute a representation that an attorney believes that there is a valid basis for such designation. However, the designation or failure to designate information as Confidential or Outside Attorneys' Eyes Only may not be used against the producing party as an admission or concession that the designated information is or is not, in fact, confidential, proprietary, a trade secret, or otherwise sensitive.   Any document produced prior to entry of this Stipulated Protective Order may be retroactively designated as Confidential or Outside Attorneys' Eyes Only upon written notice by the disclosing party within thirty (30) days of entry of the Stipulated Protective Order.

4.     **Scope of Order**

a.     Information to be covered by this Stipulated Protective Order shall include Confidential or Outside Attorneys' Eyes Only information, as defined above, that is set forth, revealed, or provided:  (a) in response to discovery requests; (b) in any documents, things, or premises made available for inspection or produced to the discovering party or in response to a subpoena (including information observed or learned inadvertently during an inspection at the premises of a producing party); (c) during depositions upon oral or written examination; (d) in connection with any other discovery taken in this action, whether pursuant to the Rules of this Court, informally, or by agreement; (e) in any oral communications or written correspondence (including attachments and enclosures) to the receiving party; (f) in submissions to or before the Court, including testimony, briefs, oral argument, exhibits, and declarations; (g) in response to any Order of the Court; (h) in any settlement discussions between the parties; and (i) any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing any of the foregoing in connection with this action.

b.     Information to be covered by this Stipulated Protective Order also shall include privileged information, where applicable, as discussed below.

5.     **Disclosure and Use of Confidential Information**

Subject to Paragraph 18, information designated Confidential Information shall be disclosed only to the following persons:

a.     **Outside Counsel:** Outside counsel of record in this action retained by either party, together with other attorneys employed by those law firms that assist outside counsel of record in this litigation matter, and those attorneys' stenographic, clerical, paralegal, and patent agent employees, provided, however, that such employees may have access to material designated Confidential only to the extent reasonably necessary to perform their duties;

4

b.      **In-House Employees:** Two in-house employees of Hydropac/Lab Products, Inc. and Animal Care, Inc. identified below and only for purposes of maintaining, defending, or evaluating this litigation, or otherwise assisting counsel;

| | |
|---|---|
| Lab Products In-House Employee 1 | Neil Campbell |
| Lab Products In-House Employee 2 | John Soper |
| Animal Care In-House Employee 1 | Steve Tierney |
| Animal Care In-House Employee 2 | Robert Tierney |

c.      **Independent Outside Experts or Consultants:** Any expert or consultant retained by outside counsel to assist in this action, provided that disclosure is only to the extent reasonably necessary to perform such work; and provided that: (a) such person has signed the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Stipulated Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in paragraph 9 below;

d.      **Litigation Vendors:** Outside photocopy, imaging, database, graphics, translation, and design servicers retained by the outside counsel set forth above in 5(a), to the extent reasonably necessary to assist such outside counsel in this litigation;

e.      **Court Reporters:** Stenographic and videotape court reporters engaged in proceedings incident to preparation for deposition or trial;

f.      **Court Personnel:** Officers of this Court (including the jury) and their supporting personnel, or officers of any appellate court to which any appeal may be taken or in which review is sought and their supporting personnel;

and

g.   **Drafters or Recipients:**  Any person having written or previously received such document during the course of his or her employment by or consultancy with outside counsel, but disclosure shall be limited only to the specific document(s) which the person in question wrote or received.

6.   **Disclosure or Use of Outside Attorneys' Eyes Only Information**

a.   Subject to Paragraph 18, Outside Attorneys' Eyes Only information shall be disclosed to *only* those persons listed in paragraphs 5(a) and 5(c)-(g).

7.   **Use during Examination or Cross-Examination**

Nothing herein shall limit a party's ability to use information designated as Confidential or Outside Attorneys' Eyes Only to examine or cross-examine deposition ~~or trial~~ witnesses (a) who are present during the examination/cross-examination of other deposition ~~or trial~~ witnesses who wrote or received the information (and not excluded from such examination/cross-examination at the time the information designated as Confidential or Outside Attorneys' Eyes Only is presented), (b) who are current officers, employees, experts, or attorneys of a party from which the Confidential or Outside Attorneys' Eyes Only information originated or was received, (c) is identified as an author or proper recipient of the Confidential or Outside Attorneys' Eyes Only information, and/or (d) whom the party from which the Confidential or Outside Attorneys' Eyes Only information originated or was received has designated to speak or testify on its behalf, if the Confidential or Outside Attorneys' Eyes Only information at issue is relevant to the subjects on which the designee is to testify.

8.      **Handling of Confidential** or **Outside Attorneys' Eyes Only**

Any person in possession of Confidential or Outside Attorneys' Eyes Only materials shall exercise reasonable and appropriate care with regard to the storage, custody, or use of such materials to ensure that their confidential nature is maintained.  Such information shall only be used for the litigation of this action, and any appeal thereof, unless otherwise agreed by the parties in writing or ordered by a court of competent jurisdiction.

9.      **Undertaking**

a.      If either party desires to disclose Confidential or Outside Attorneys' Eyes Only information to an independent outside expert or consultant under paragraph 5(c), it shall first have such person sign an undertaking in the form attached as Exhibit A, a copy of which shall be provided to all parties prior to any disclosure of Confidential information or Outside Attorneys' Eyes Only information, as the case may be, to such person.  Counsel shall be responsible for the adherence by such third parties to the terms and conditions of this Stipulated Protective Order.  In addition to the foregoing, if either party wishes to disclose Confidential or Outside Attorneys' Eyes Only information to any independent outside expert or consultant under paragraph 5(c), such party shall first give written notice to the party whose information it desires to disclose, who shall have five (5) business days after such notice is received to object in writing.  Any objection under this paragraph shall be made in good faith and on reasonable grounds and shall take the form of a detailed writing sufficient to apprise the  party proposing disclosure of information of the specific bases for objection.  Failure to object within five (5) business days of receiving a written notice pursuant to this paragraph shall be deemed approval, and such person shall thereafter be authorized to have access to the objecting party's Confidential and/or Outside Attorneys' Eyes Only information pursuant to the terms and conditions of this Stipulated Protective Order.

b.      The written notice shall contain the following information about the proposed expert or consultant under paragraph 5(c):

i.      business address;

ii.      business title;

iii.      business or profession;

iv.     any and all current professional relationship(s) with any of the parties, any known competitors of the party whose material is proposed to be disclosed, or any of their related entities; and

v.      a curriculum vitae that includes the proposed expert's or consultant's area of expertise, full employment and consulting history, publications, and each case and instance in which such proposed expert or consultant provided any prior testimony or is currently providing any testimony in accordance with Fed. R. Civ. P. 26(a)(2).

c.      Should the parties be unable to resolve the objection, the party proposing disclosure of information shall raise this matter with the Court and request an Order permitting such individual's access to the objecting party's Confidential and/or Outside Attorneys' Eyes Only information.

d.      The party proposing disclosure of information shall not disclose any Confidential or Outside Attorneys' Eyes Only information of the objecting party to the proposed expert or consultant during the period for objection, nor during the pendency of any request made to the Court.  No party shall use its right to object to a proposed designee to interfere with the ability of the other party to reasonably prepare for trial, and consent to the disclosure of information shall not unreasonably be withheld.

e.      The administrative and clerical staff of an independent outside consultant or expert under paragraph 5(c) shall be deemed to have signed the undertaking in the form of Exhibit A when the independent outside expert or consultant supervising such individuals has executed the undertaking.

f.      No independent outside consultant or expert under paragraph 5(c) shall be subject to discovery beyond the scope of the Federal Rules of Civil Procedure (see, e.g., Rule 26(b)(4)(C)). In this regard, Rule 26(b)(4)(C) shall, without limitation, exempt from discovery draft

expert report(s), as well as any and all draft reports, notes, outlines, and any other writings leading up to any report made pursuant to Rule 26(a)(2) in this case. Furthermore, no conversations or communications between counsel and any independent outside consultant or expert under paragraph 5(c) will be subject to discovery. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and this Stipulated Protective Order.

10. **Marking of Confidential or Outside Attorneys' Eyes Only**

Confidential or Outside Attorneys' Eyes Only materials shall be marked "Confidential" or "Outside Attorneys' Eyes Only," or with some similar language, on each page of each document so designated, whether document is paper or electronic images of pages. In the case of Confidential or Outside Attorneys' Eyes Only materials that are not paper documents or electronic images of pages, such material shall be placed in a container marked "Confidential" or "Outside Attorneys' Eyes Only," or at the time such materials are produced written notice shall be provided to the receiving party in a manner reasonably calculated to notify parties that the material produced is "Confidential" and "Outside Attorneys' Eyes Only."

11. **Filing Restricted Documents**

**Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~In the event that a receiving party intends to file any documents with the Court that constitute or contain Confidential or Outside Attorneys' Eyes Only information, the receiving party shall, consistent with D.C.COLO.LCivR 7.2, seek the Court's leave to file such documents and/or Confidential or Outside Attorneys' Eyes Only information as a restricted document. Each such document filed as a restricted document shall be accompanied by the required Motion to Restrict Access, pursuant to D.C.COLO.LCivR 7.2(B) or a Motion to Restrict Access shall be filed within the time frame provided in D.C.COLO.LCivR 7.2(D).~~

12.       **Deposition, Trial, or Other Testimony**

a.       If information to be treated in confidence is contained in deposition, ~~trial,~~ or other testimony, the transcript may be designated as containing Confidential or Outside Attorneys' Eyes Only information by so notifying the other parties on the record, at the time of the testimony, or by notifying the other parties in writing, within seven (7) calendar days of receipt of the Court Reporter's official transmittal of the completed transcript for review, of the specific pages and lines of the transcript which contain such Confidential or Outside Attorneys' Eyes Only information.  Such written notification shall specify the designation, whether Confidential or Outside Attorneys' Eyes Only, by page and line number.  All depositions, regardless of whether a designation of confidentiality was made on the record, shall be treated as containing Outside Attorneys' Eyes Only information until seven (7) calendar days after receipt of the Court Reporter's official transmittal of the completed deposition transcript for review, unless expressly waived.  After such seven (7) day period has expired and in the absence of any written notice concerning the specific portions of the transcript that the producing party believes contain Confidential or Outside Attorneys' Eyes Only information, the transcript of testimony shall be treated as designated on the record at the time of testimony, or if no designations were made, then the transcript of testimony shall be treated as a public document.  Unless otherwise agreed to by the parties in writing or on the record, no individual not authorized hereunder to receive Confidential or Outside Attorneys' Eyes Only information shall be in attendance at that portion of a deposition during which Confidential or Outside Attorneys' Eyes Only information is being testified to or produced by another party.

b.       The disclosing party shall have the right to exclude from attendance at any deposition, during such time as Confidential or Outside Attorneys' Eyes Only information is to be disclosed, any person other than the deponent, Counsel, court reporter, videographer (if any), and other individuals authorized to receive such information as provided by paragraphs 5, 6 and

7 above, whereby the failure of unauthorized persons to comply with such a request to be excluded shall constitute substantial justification for Counsel to advise the witness that he or she need not answer a question seeking the revelation of Confidential or Outside Attorneys' Eyes Only  information.  No persons shall be excluded from attendance at said deposition from those portions during which information is disclosed to which such persons are authorized to receive under this Stipulated Protective Order.

13.     **Disclosure During Trial or Hearings in Open Court**

**Issues concerning the disclosure of Confidential or Outside Attorneys' Eyes Only information during trial or any hearing in open Court shall determined by the judge presiding over the proceeding.**  ~~Should need arise during the trial or any hearing in open Court for either party to cause Confidential or Outside Attorneys' Eyes Only information to be disclosed, such disclosure may only be made after the designating party has had the opportunity to request *in camera* review or other safeguards from the Court.~~

14.     **Inadvertent or Unintentional Disclosure of Confidential or Outside Attorneys' Eyes Only Information by Producing Party**

The inadvertent or unintentional disclosure by the producing party of Confidential or Outside Attorneys' Eyes Only information, by way of document production, deposition testimony, or any other method of production regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter so long as such inadvertent or unintentional disclosure was not the result of recklessness or gross negligence on the part of the disclosing party.  Any such inadvertently or unintentionally disclosed Confidential or Outside Attorneys' Eyes Only information not designated as such pursuant to paragraph 10 shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party

becomes aware of the inadvertent or unintentional disclosure. Within ten (10) calendar days of such notice and receipt of substitute copies having the appropriate confidentiality legend, the receiving party shall return said documents and things and not retain copies thereof, destroy said documents and things, or raise this matter with the Court and request an Order permitting the receiving party to retain the originally disclosed information. Unless the receiving party is opposing the return or destruction of such information, the receiving party also shall use good faith efforts to arrange for the return or destruction of said documents and things from parties and individuals to whom it may have distributed the documents or things but who were not authorized to receive Confidential or Outside Attorneys' Eyes Only documents under this protective order. If the receiving party opposes the return or destruction of such information, it shall, after receiving notice from the producing party, nonetheless use good faith efforts to avoid any further distribution of such information to unauthorized parties or individuals, pending resolution of the issue by the Court. The receiving party's disclosures, prior to the receipt of notice from the producing party of a new designation, of Confidential or Outside Attorneys' Eyes Only to unauthorized parties or individuals shall not be deemed a violation of this protective order. If the receiving party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, the receiving party shall notify the producing party of that fact, along with the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things, as soon as reasonably possible but no later than within ten calendar (10) days of notice from the producing party. Upon the redesignation of information under this paragraph, upon agreement of the parties, or by Court order, said information shall be treated *nunc pro tunc* as Confidential or Outside Attorneys' Eyes Only, as designated by the producing party.

15.     **Inadvertent or Unintentional Disclosure of Confidential  Outside Attorneys'**
**Eyes Only Information by Receiving Party**

Should any information already designated Confidential or Outside Attorneys' Eyes Only
be disclosed inadvertently or unintentionally by the receiving party to any person not authorized
under this Stipulated Protective Order, the receiving party shall use reasonable efforts to bind
such person to the terms of this Stipulated Protective Order by:  (a) promptly informing such
person of all the provisions of this Stipulated Protective Order; (b) immediately identifying such
person and the confidential information disclosed to the party that designated the document as
containing Confidential or Outside Attorneys' Eyes Only information; (c) requesting such person
to sign an Undertaking in the form attached as Exhibit A; and (d) retrieving all copies of
documents containing the inadvertently disclosed information.  The executed Undertaking shall
be provided promptly to the party that designated the document or information as Confidential or
Outside Attorneys' Eyes Only.

16.     **Inadvertent or Unintentional Disclosure of Privileged Information**

a.     Pursuant to Federal Rule 26(b)(5), the inadvertent production by a party of
a document subject to the attorney-client privilege, work-product protection, or any other
applicable privilege or protection, despite that party's reasonable efforts to prescreen such
documents prior to production, will not waive the applicable privilege and/or protection if a
request for return of such inadvertently produced documents is made promptly after the
producing party learns of its inadvertent production.

b.     Upon a request from any producing party who has inadvertently produced
a document that it believes is privileged and/or protected, each receiving party shall immediately
return such documents and all copies to the producing party.

14

c.      Nothing herein is intended to alter any attorney's obligation to abide by any applicable rules of professional responsibility relating to the inadvertent disclosure of privileged information.

17**.**      **Challenges to Designation**

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  **A party may object to the designation of particular Confidential or Outside Attorneys' Eyes Only information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as  Confidential or Outside Attorneys' Eyes Only information to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as Confidential or Outside Attorneys' Eyes Only information under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Outside Attorneys' Eyes Only information and shall not thereafter be treated as Confidential or Outside Attorneys' Eyes Only information in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as Confidential or Outside Attorneys' Eyes Only information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Outside Attorneys' Eyes Only information.**

~~Either party may apply to the Court for an order that information labeled Confidential or Outside Attorneys' Eyes Only is not, in fact, Confidential or Outside Attorneys' Eyes Only, as the case may be.  Prior to so applying, the party seeking to reclassify Confidential or Outside Attorneys' Eyes Only information shall seek the producing party's agreement.  If the~~

~~parties cannot agree on the appropriate classification of the information in question, the party~~

~~seeking reclassification may request the Court for such reclassification. In any request, the~~

~~producing party shall ultimately have the burden of establishing the need for classification as~~

~~Confidential or Outside Attorneys' Eyes Only.~~

18.    **Third Party Subpoenas or Demands**

If a receiving party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was produced or designated as Confidential or Outside Attorneys' Eyes Only by someone other than the receiving party, the receiving party shall send a copy of such subpoena, demand, or legal process, by hand and email, within five (5) business days of receipt of such subpoena, demand or legal process, to the party or parties who produced and designated the material Confidential or Outside Attorneys' Eyes Only and shall reasonably cooperate with the producing party or parties in preparing timely objections to its production and in seeking a protective order. Should the person seeking access to the Confidential or Outside Attorneys' Eyes Only information take action against the receiving party or anyone also covered by this Stipulated Protective Order to enforce such a subpoena, demand or other legal process, the receiving party shall respond by setting forth the existence of this Stipulated Protective Order. Nothing herein shall be construed as requiring the receiving party or anyone else covered by this Stipulated Protective Order to challenge or appeal any court order requiring production of Confidential or Outside Attorneys' Eyes Only information covered by this Stipulated Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court, provided the receiving party take all reasonable steps to obtain a protective order and to otherwise limit production or disclosure of any Confidential or Outside Attorneys' Eyes Only information.

19.    **Use of Independently-Obtained, Unrestricted, Public, or Produced Information**

Except with respect to any documents, information, or materials previously produced by the parties in any other proceeding in which they are adverse parties, this Stipulated Protective Order shall not impose any restrictions on the use or disclosure by a party of information or material properly obtained by such party independently of discovery in the above-captioned action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential or Outside Attorneys' Eyes Only information as it deems appropriate.  Further, this Stipulated Protective Order shall not apply to information which (a) was properly known to the receiving party before disclosure hereunder, (b) is or becomes part of the public domain through no fault or breach of the provisions of this Stipulated Protective Order by the receiving party, (c) is independently developed by the receiving party without use of the Confidential or Outside Attorneys' Eyes Only information disclosed hereunder or was in the lawful and rightful possession of the receiving party prior to the time of disclosure, or (d) is lawfully received by the receiving party from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

20.    **Return or Destruction Upon Termination of Action**

a.    Upon termination of this action, all copies of produced documents containing Confidential or Outside Attorneys' Eyes Only information shall be returned to the producing party or destroyed, except that outside counsel may retain archival copies of all attorney work product, correspondence, deposition transcripts and exhibits, papers filed with the Court and exhibits, and discovery responses, but not document production, exchanged by the parties.  All parties shall certify compliance with this paragraph in writing within ninety (90) days of termination of this action.

21.     **Injunctive Relief.**

In the event anyone shall violate or threaten to violate the terms of this Stipulated Protective Order, the parties agree that the aggrieved party may immediately apply to obtain Rule 37 sanctions, including without limitation injunctive relief against any such person.  The parties and any other person subject to the terms of this Stipulated Protective Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Stipulated Protective Order, notwithstanding any subsequent disposition of this action.

22.     **Survival of Litigation.**

This Stipulated Protective Order shall survive the termination of this litigation.  The Court shall retain jurisdiction, even after termination of this lawsuit, to enforce this Stipulated Protective Order and to make such amendments and modifications to this Stipulated Protective Order as may be appropriate.

23.     **Modifications to Protective Order.**

Any party may, on motion or other request to the Court and for good cause shown, seek a modification of this Stipulated Protective Order, and, by its agreement to this Stipulated Protective Order, no party shall be deemed to have waived the right to modifications later sought by such party.  No modification in this Stipulated Protective Order that adversely affects the protection of any document produced or given by a nonparty to this action shall be made without giving to that nonparty to this action appropriate notice and opportunity to be heard by the Court.  Nothing in this Stipulated Protective Order shall limit the parties' ability to stipulate to the receipt of Confidential or Outside Attorneys' Eyes Only information by a particular individual, to the manner in which an individual may receive such information, whether or not such individuals are listed under paragraphs 5(a) - 5(g), or to modifications to deadlines required by this Stipulated Protective Order.

19

Dated October 15, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**APPROVED FOR ENTRY:**

By signing this Stipulated Protective Order, all counsel of record hereto warrant that they

are authorized by their respective clients to sign on behalf of and to bind at client to the terms hereof.

Dated this 8th day of October, 2013.

 s/ Craig R. Smith
Jane Michaels
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, CO 80202
Telephone: 303-295-8000
Facsimile: 303-295-8261
Email: jmichaels@hollandhart.com

s/ Todd P. Blakely
Todd P. Blakely
George T. Scott
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202-5141
Telephone: 303-863-9700
Facsimile: 303-863-0223
E-mail: tblakely@sheridanross.com
         jscott@sheridanross.com
litigation@sheridanross.com

Craig R. Smith
Lando & Anastasi, LLP
Riverfront Office Park
One Main Street, 11th Floor
Cambridge, MA 02142
Telephone: 617-395-7000
Email: csmith@lalaw.com

*ATTORNEYS FOR ANIMAL CARE SYSTEMS, INC.*

Steven B. Pokotilow
Vivian Luo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Telephone: 212-806-6663
Facsimile: 212-806-7663
E-mail: spokotilow@stroock.com
         vluo@stroock.com

*ATTORNEYS FOR*
*HYDROPAC/LAB PRODUCTS, INC.*

**Attachment A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00143-MSK-BNB

ANIMAL CARE SYSTEMS, INC.,

      Plaintiff,

v.

HYDROPAC/LAB PRODUCTS, INC.,

      Defendant.

Civil Action No. 1:13-cv-00415-MSK-BNB

HYDROPAC/LAB PRODUCTS, INC.,

      Plaintiff,

v.

ANIMAL CARE SYSTEMS, INC.,

      Defendant.

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

      I hereby affirm that:

1.     Information, including documents and things, designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** (collectively "Protected Information") as defined in the Stipulated Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.      I have been given a copy of and have read the Protective Order.

3.      I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by such terms.

4.      I submit to the jurisdiction of this Court for enforcement of the Protective Order.

5.      I agree not to use any Protected Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation, and not to disclose any such information to persons other than those specifically authorized by said Protective Order without the express written consent of the party who designated such information as **CONFIDENTIAL** and/or **HIGHLY CONFIDENTIAL** or by order of the Court.  I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

6.      I understand that I am to retain all documents and/or materials designated as or containing Protected Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Protected Information are to be returned to the person who provided me with such documents and materials.

Dated: _____          Signature: _____

Company
Name: _____          Name: _____

Address:

_____

_____

_____