IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-00143-MSK-BNB

ANIMAL CARE SYSTEMS, INC.,

    Plaintiff,

v.

HYDROPAC/LAB PRODUCTS, INC.,

    Defendant.

And

Civil Action No. 1:13-cv-00415-MSK-BNB

HYDROPAC/LAB PRODUCTS, INC.,

    Plaintiff,

v.

ANIMAL CARE SYSTEMS, INC.,

    Defendant.

**ORDER REGARDING E-DISCOVERY**

The parties in *Hydropac/Lab Products, Inc. v. Animal Care Systems, Inc.*, Civil Action Nos. 1:13-cv-00415-MSK-BNB and 1:13-cv-00143-MSK-BNB, pending in the United States District Court for the District of Colorado, agree to the following guidelines concerning the production of electronically stored information ("ESI") in this civil action:

I.       **Image Format**

All ESI and paper documents that are produced as scanned images shall be produced as single-page TIFF (tagged image format file) documents, with the exception that any document that would become illegible or unusable when converted to TIFF, such as certain Microsoft Excel files, will be produced in native format. Documents that are converted to TIFF will be produced in accordance with the following specifications:

- Single page 1 bit TIFF files, Group IV compression at 300 DPI for B&W documents;

- Single page JPEG files for color documents;

- Image load file format: Opticon load file (.OPT);

- Bates numbers should be endorsed on the lower right corner of all TIFF images and will be a unique, consistently formatted identifier, i.e. alpha prefix along with a fixed length number (e.g., ABC0000001). The number of digits in the numeric portion of the bates number format should not change in subsequent productions;

- Confidential designations, if any, will be endorsed on the lower left corner of all TIFF images;

- Images will be delivered with an image load file in the Opticon (.OPT) format as follows:

    **REL00001,REL001,D:\IMAGES\001\REL00001.TIF,Y,,,,3**

    *Column One (REL00001) –the page identifier*
    *Column Two (REL001) –volume identifier; not required, but a space is required in each line of the load file for this field as illustrated below:*
    *REL00001, ,D:\IMAGES\001\REL00001.TIF,Y,,,3*
    *REL00002, ,D:\IMAGES\001\REL00002.TIF,,,,*
    *Column Three (D:\IMAGES\001\REL00001.TIF) –path to the image to be loaded*
    *Column Four (Y) – Document marker –indicates the start of a unique document.*
    *Column Five (blank) –can be used to indicate box*
    *Column Six (blank) –can be used to indicate folder*
    *Column Seven (3) –often used to store page count, but unused in Relativity*

**II.     Data Format**

All production documents will be produced with extracted text and load files. The parties shall provide image load files in Relativity (.dat, .opt), (and if requested by a party, in Concordance (.opt), Ipro (.lfp), or Summation (.dii)), to accompany productions of TIFF images so as to facilitate the use of the produced images by a document management or litigation support system. The parties shall also provide an ASCII delimited load file, such as a data (.dat) or delimited text (.csv) load file, using the field delimiters required by Relativity, Summation or Concordance, which will include: (1) beginning and ending document numbers; and (2) beginning and ending attachment ranges (calculated from the first page of the parent document to the last page of the last attached document); and custodian information.

Extracted data, including the data fields listed in Table 1 below, will be produced in a delimited .DAT file accordance with the following technical specifications:

- The first line of the .DAT file must be a header row identifying the field names;
- The .DAT file must use the following default delimiters:
    - Comma        ¶     ASCII character 020
    - Quote        þ     ASCII character 254
    - Newline      ®     ASCII character 174
    - Multi-value  ;     ASCII character 59
- Date fields should be provided in the format: mm/dd/yyyy;
- All attachments should sequentially follow the parent document/email;

The data load file shall also include the following fields of information where available (i.e., in existence):

3

## TABLE 1

| REF NO | FIELD NAME | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| 1. | PRODBEG | First Bates number of each document being produced | Email, EFile, and Hard copy source documents |
| 2. | PRODEND | Last Bates number of each document being produced | Email, EFile, and Hard copy source documents |
| 3. | BEGATTACH | Auto-generated number assigned to first page of parent document | Email, and EFile |
| 4. | ENDATTACH | Auto-generated number assigned to last page of an attachment in a document family | Email, and EFile |
| 5. | PARENT_ID | The beginning DOCID for a parent document | Email, EFile |
| 6. | ATTACH_IDS | The beginning DOCID for all attachments | Email, EFile |
| 7. | ATTCOUNT | The number of attachments to an email | Email and EFile |
| 8. | DOC_TYPE | The type of file from the header (e.g., Microsoft Outlook, Excel, Word, etc.) | Email, and EFile |
| 9. | PAGECOUNT | The number of pages of each individual document | Email, EFile |
| 10. | FROM | Name of the sender (Lastname, Firstname) of an email from the "From" field in Outlook | Email |
| 11. | TO | Recipients (Lastname, Firstname) of an email from the "To" field in Outlook | Email |
| 12. | CC | Name of persons (Lastname, Firstname) to whom a copy of an email was sent. | Email |
| 13. | BCC | The name of any person (Lastname, Firstname) blind copied on an email. | Email |
| 14. | SUBJECT | The text in the "Subject" line or "Re" line of an email or application file | Email |
| 15. | CUSTODIAN | The name of the person (Lastname, Firstname) and the department or business unit, from which the document originates | Email, EFile, and Hard copy source documents |
| 16. | AUTHOR | The name of the author (Lastname, Firstname) or the creator of an application file from the "Author" field | EFile |
| 17. | DATE_SENT | The date on which an email was sent | Email |
| 18. | TIME_SENT | The time an email was sent. | Email |

| REF NO | FIELD NAME | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| 19. | DATE_RCVD | The date on which an email was received | Email |
| 20. | TIME_RCVD | The time an email was received. | Email |
| 21. | DATE_LASTMOD | The date on which an email or application file was last modified | EFile |
| 22. | TIMELASTMOD | Email: (empty)<br>Application File: Time the document was last modified<br>**This data must be separate field and cannot be combined with the DATELASTMOD field | EFile |
| 23. | DATE_CREATED | The date an email or application file was created | EFile |
| 24. | TIMECREATE | Email: (empty)<br>Application File: Time the document was created<br>**This data must be separate field and cannot be combined with the DATECREATE field | EFile |
| 25. | DATEACCESSED | Email: (empty)<br>Application File: Date the document was last accessed | EFile |
| 26. | TIMEACCESSED | Email: (empty)<br>Application File: Time the document was last accessed<br>**This data must be separate field and cannot be combined with the DATEACCESSED field | EFile |
| 27. | TITLE | The text in the "Title" field of an application file | EFile |
| 28. | FILENAME | The name of the application file, including extension | Email, EFile |
| 29. | NATIVE_FILE | Link to the native email or application file<br>** The link must be named per the production Bates number | Email, EFile |
| 30. | TEXT | Extracted texts or OCR texts (single extracted/OCR text file per document, in ASCII Text format). | Email, EFile, and Hard copy source documents |
| 31. | DESIGNATION | Confidentiality designation | Email, EFile |
| 32. | FILESIZE | Size of application file document/email in KB | Email, EFile |
| 33. | FILETYPE | Email, attachment or loose application file | Email, EFile |
| 34. | FILEPATH | Email: Full file path were original email was stored | Email, EFile |

5

| REF NO | FIELD NAME | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| | | Application File: Full file path were application file was stored including original file name | |
| 35. | FILEEXT | The file extension of the native file | Email, EFile |
| 36. | APPLICATION | The name of the application that generated the native file | Email, EFile |
| 37. | THREAD | Email or conversation thread for emails | Email, EFile |
| 38. | HASHVALUE | Hash value of each email or application file | Email, EFile |
| 39. | OTHER CUSTODIANS | Additional custodians who possessed a duplicate copy of an email or application file | Email, EFile |

### III. Searchable Text

Searchable text of entire documents will be produced either as extracted text for all documents that originate in electronic format, or, for paper documents and any document from which text cannot be extracted, as text generated using Optical Character Recognition (OCR) technology.

For redacted documents, the text of the un-redacted portion of the document will be produced, but the text of the redacted portions will not be produced.

Searchable text will be produced as a document-level multi-page ASCII text file with the text file named the same as the PRODBEG field, placed in a separate folder. The full path of the text file must be provided in the .DAT file for the TEXT field.

### IV. Native Format

For documents produced in native format, in addition to producing extracted text and the data fields in Table 1 above, the producing party will provide slip sheets endorsed with the production number, level of confidentiality pursuant to an applicable protective order, and the following statement "This File Was Produced In Native Format Only" (or something similar).

6

Additionally, the filename of documents produced in native format shall be renamed to include the production number (i.e. Bates number) of the corresponding slip sheet. The confidentiality designation under the Protective Order to be entered in this action will be provided in the document load file in the DESIGNATION field. Redacted documents will not be produced in native format.

If documents produced in native format are printed for use in deposition, motion or hearing, the party printing the document must label front page of the file that is printed with the corresponding production number and a sequencing page number and, if applicable, the confidentiality designation assigned by the producing party to that file under an applicable protective order to be entered in this action.

Images, native files, text files and metadata should be stored and delivered in separate folders named "IMAGES," "NATIVE," "TEXT" and "DATA."

**V.     Databases**

Each party may specify the form in which ESI is to be produced when that ESI is generated by or maintained in Microsoft Access or other database software (Microsoft Excel files should be produced natively per this Agreement). If the Producing Party objects to such form, the parties shall undertake reasonable efforts, and if necessary, will meet and confer to resolve any disagreements as to production format prior to the time for production.

**VI.    De-duplication**

At the discretion of the producing party, documents may be de-duplicated prior to production in the following manner:

- As to emails that have not been printed into a paper form and remain in electronic form, these emails will be considered duplicates if (i) the hash values of two or more emails are identical, (ii) the following fields of

    metadata associated with the email are the same: (1) FROM, (2) TO, (3) CC, (4) BCC, (5) DATESENT, (6) TIMESENT and (7) SUBJECT; and (iii) the body or text of the email is exactly the same.

- As to non-email electronic documents, these documents will be considered duplicates if they have the same hash value and the following fields of metadata are the same: (1) AUTHOR, (2) DATECREATE, and (3) DATELASTMOD.

Should a producing party de-duplicate any documents in accordance with the procedure outlined above, the producing party waives any objection as to the authenticity of the version of the document produced and the fields of data associated with such copy.

Should a producing party de-duplicate any documents in accordance with the procedure outlined above, the producing party agrees to produce in the OTHER CUSTODIAN data field the name of each custodian who possessed or controlled a duplicate copy of any such documents. If the OTHER CUSTODIAN data field is not available, de-duplication shall be carried out only within each data custodians' files rather than across all custodians' files.

The parties agree that an email that includes content in the BCC or other blind copy field shall not be treated as a duplicate of an email that does not include content in the BCC field, even if all remaining content in the email is identical.

The parties will not de-duplicate near duplicate documents; only duplicate documents as identified above may be withheld from production.

For good cause shown, the receiving party shall have the right to request all duplicates of a produced document.

**VII.**  **Hard Copy Documents**

Documents that are not maintained in electronic form in a party's ordinary course of business and that are not scanned into electronic form prior to the date of production may be

8

produced in the same manner in which they are maintained (e.g., hard copies). Copies of such documents (whether in electronic format or hard copy) may be made available for inspection and copying or may be delivered to the office of counsel for the requesting party.

**VIII.** *Email Production [Clause Proposed by LPI]*

*Production of ESI in accordance with this Order excludes data that is not reasonably accessible because of undue burden or cost (e.g., backup tapes intended for disaster recovery purposes; legacy data leftover from obsolete systems that cannot be retrieved on the successor systems; deleted data remaining in fragmented form that requires some type of forensic inspection to restore and retrieve it).*

*For the production of emails, the parties shall exchange lists of custodians and search terms to be searched.*

*The receiving party shall not use ESI that the producing party asserts is attorney client privileged or work product protected to challenge the privilege or protection. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. The mere production of ESI in this litigation as part of a mass production shall not itself constitute a waiver for any purpose.*

**IX.** *~~Email Production [Proposed by Animal Care]~~*

*~~Production of ESI in accordance with this Order excludes data that is not reasonably accessible because of undue burden or cost (e.g., backup tapes intended for disaster recovery purposes; legacy data leftover from obsolete systems that cannot be retrieved on the successor systems; deleted data remaining in fragmented form that requires some type of forensic inspection to restore and retrieve it).~~*

~~General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email, the parties must propound specific email production requests. Email production requests, if any, shall only be propounded for specific issues, rather than general discovery of a product or business.~~

~~Email production requests, if any, shall identify the requested custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.~~

~~Each party shall limit its email production requests to a total of five custodians. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to three additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.~~

~~Each requesting party shall limit its email production requests to a total of ten search terms per custodian. No custodian shall be required to search more than ten terms. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to three additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases shall be treated as separate~~

*search terms unless they are variants of the same word. Any single email production request that yields greater than 200 email records (not including attachments) after global de-duplication shall be presumed to be too broad and must be further narrowed.*

*The receiving party shall not use ESI that the producing party asserts is attorney client privileged or work product protected to challenge the privilege or protection.*

*Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.*

*The mere production of ESI in this litigation as part of a mass production shall not itself constitute a waiver for any purpose. Further, performing keyword searches as a privilege screen prior to production of documents constitutes "reasonable steps to prevent disclosure" as that term is used in Federal Rules of Evidence 502(b).*

DATED October 15, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Craig R. Smith | s/ Todd P. Blakely |
| Jane Michaels | Todd P. Blakely |
| HOLLAND & HART LLP | George T. Scott |
| 555 17th Street, Suite 3200 | SHERIDAN ROSS P.C. |
| Denver, CO 80202 | 1560 Broadway, Suite 1200 |
| Telephone:  303-295-8000 | Denver, CO 80202-5141 |
| Facsimile:  303-295-8261 | Telephone: 303-863-9700 |
| Email:  jmichaels@hollandhart.com | Facsimile:  303-863-0223 |
| Craig R. Smith | E-mail:    tblakely@sheridanross.com |
| Lando & Anastasi, LLP | jscott@sheridanross.com |
| Riverfront Office Park | litigation@sheridanross.com |

One Main Street, 11th Floor
Cambridge, MA 02142
Telephone:  617-395-7000
Email:  csmith@lalaw.com

*ATTORNEYS FOR PLAINTIFF-DEFENDANT ANIMAL CARE SYSTEMS, INC.*

Steven B. Pokotilow
Vivian Luo
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Telephone:  212-806-6663
Facsimile:   212-806-7663
E-mail:       spokotilow@stroock.com
                   vluo@stroock.com

*ATTORNEYS FOR DEFENDANT-PLAINTIFF HYDROPAC/LAB PRODUCTS, INC.*

12